**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4429**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RANDOLPH HARRIS AUSTIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00277-RJC-DCK-1)

Submitted: March 27, 2019                     Decided: April 3, 2019

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Aaron E. Michel, Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randolph Harris Austin appeals his convictions and 120-month sentence imposed after a jury found him guilty of distribution and possession with intent to distribute cocaine (Counts 1 and 2), as well as possession with intent to distribute cocaine base (Count 3), each in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). On appeal, Austin argues that the district court should have granted him a longer trial continuance so that he could retain an expert witness. He also disputes the denial of his Fed. R. Crim. P. 29 motion for a judgment of acquittal on Count 3. Next, Austin contends that the court's jury instructions constructively amended the indictment as to Count 3. Finally, Austin challenges the procedural and substantive reasonableness of his sentence. For the reasons that follow, we affirm.

"We review . . . [a district court's ruling on] a motion for a continuance for abuse of discretion." *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). "A district court abuses its discretion when its . . . [decision] is an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* (internal quotation marks omitted).

Here, Austin moved for a continuance on the day before trial, seeking more time to review evidence with counsel and indicating his desire to find a chemist who could testify about the drug weight and a chain of custody issue. Noting the inconsistency between Austin's motion to continue and a previously filed speedy trial motion, as well as the fact that a jury pool had already been assembled, the court granted the motion but provided only a one-day continuance for counsel and Austin to confer. Based on our

2

review of these events, we discern no abuse of discretion in the district court's handling of Austin's eve-of-trial motion for a continuance.

Central to Austin's next two points—the sufficiency challenge and the jury instruction claim—is his contention that a controlled substance's identity is an element of a § 841(a)(1) offense. However, we have previously held that "a defendant need not know the exact nature of a drug in his possession to violate § 841(a)(1); it is sufficient that he . . . be aware that he . . . possesses *some controlled substance.*" *United States v. Ali*, 735 F.3d 176, 186 (4th Cir. 2013) (internal quotation marks omitted); *see United States v. Dowdell*, 595 F.3d 50, 68 (1st Cir. 2010) ("Because [the defendant] was prosecuted under § 841(a)(1), which prohibits distribution of *any* controlled substance regardless of type, drug identity had no bearing on the substance of the charge."). Accordingly, we conclude that the particular identity of the controlled substance Austin possessed was not integral to the charge in Count 3. *See United States v. Tillman*, __ F.3d __, __, No. 17-4648, 2019 WL 921534, at *7 (4th Cir. Feb. 26, 2019) (discussing proof required for baseline § 841 offense).

Turning to the sufficiency challenge, "[w]e review de novo a district court's denial of a Rule 29 motion." *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "We must sustain a guilty verdict if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence." *Id.* "Substantial evidence is that which a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

"The essential elements of . . . a [§ 841(a)(1)] distribution offense are (1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." *United States v. Hall*, 551 F.3d 257, 267 n.10 (4th Cir. 2009). At trial, the Government produced evidence that, incident to Austin's arrest, law enforcement recovered from his vehicle a baggie of cocaine and a leaking plastic bag containing an unknown substance. Austin told officers that the cocaine was for personal use and that the substance in the plastic bag was the result of a failed attempt to convert cocaine into cocaine base. However, subsequent forensic tests of the substance in the plastic bag revealed that Austin had successfully produced 15.15 grams of cocaine base.

We conclude that the Government provided the jury with ample evidence to find that Austin knowingly possessed an illicit substance—regardless of whether he thought the substance was cocaine or cocaine base. And, in light of the Government's evidence establishing that Austin previously trafficked cocaine,[*] as well as the absence of any contemporaneous claim that the substance in the plastic bag, unlike the baggie of cocaine, was for personal use, we reject Austin's argument that the evidence was insufficient to establish his intent to distribute. *See United States v. Branch*, 537 F.3d 328, 341-42 (4th Cir. 2008) (finding that prior conviction for possession with intent to distribute cocaine base was relevant to establish, in subsequent trial, defendant's intent to distribute cocaine base). Accordingly, we affirm the district court's denial of Austin's Rule 29 motion.

---

[*] In his opening statement, Austin admitted the conduct charged in Counts 1 and 2, and the Government corroborated this admission by presenting evidence that Austin sold cocaine to a confidential informant on two separate occasions before his arrest.

We review de novo whether the district court's jury instructions constructively amended the defendant's indictment. *United States v. Miltier*, 882 F.3d 81, 92 (4th Cir.), *cert. denied*, 139 S. Ct. 130 (2018). A constructive amendment—also called a fatal variance—occurs when the jury instructions "broaden[] the bases for conviction beyond those charged in the indictment" or "change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." *Id.* at 93 (internal quotation marks omitted). By contrast, when the jury instructions differ from the indictment's allegations without "alter[ing] the crime charged . . . , a mere variance occurs." *United States v. Malloy*, 568 F.3d 166, 178 (4th Cir. 2009); *see Miltier*, 882 F.3d at 93. "Such a variance does not violate a defendant's constitutional rights unless it prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." *Miltier*, 882 F.3d at 93 (internal quotation marks omitted).

While Count 3 of the superseding indictment charged Austin with possession with intent to distribute cocaine base, the district court instructed the jury that a unanimous finding that Austin intended to distribute either cocaine base or cocaine would suffice to sustain a guilty verdict. But because drug identity is not an element of a § 841(a)(1) offense, the court's instruction did not "alter the crime charged," *Malloy*, 568 F.3d at 178, but rather departed from the indictment in a manner "nonessential to the conclusion that the [§ 841(a)(1)] crime must have been committed," *Miltier*, 882 F.3d at 93 (internal quotation marks omitted). And because Austin has not demonstrated any prejudice

5

resulting from this variance, we conclude that the court did not commit reversible error. *See id.*; *Dowdell*, 595 F.3d at 57, 68-69 (holding that jury verdict convicting defendant of cocaine base distribution would, at most, harmlessly vary from indictment charging cocaine distribution).

Finally, Austin assigns several procedural errors to the district court's Sentencing Guidelines calculation. However, we need not consider these arguments because, even if Austin is correct, the record establishes that any error is harmless. *See United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011). Under the "assumed error harmlessness inquiry," a procedural error is harmless—and, thus, does not warrant reversal—if "(1) the district court would have reached the same result even if it had decided the [G]uidelines issue the other way, and (2) the sentence would be reasonable even if the [G]uidelines issue had been decided in the defendant's favor." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). Here, "the district court made it abundantly clear that it would have imposed the same sentence . . . regardless of the advice of the Guidelines," *id.*, thus satisfying the first prong of the assumed error harmlessness inquiry, *id.* at 383.

As to the second prong, "[w]hen reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [2012]." *Id.* (internal quotation marks omitted). When assessing the reasonableness of an above-Guidelines-range sentence, we "may consider the extent of the deviation, but must give due deference to the district court's decision

that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

In 2008, the district court sentenced Austin to life imprisonment for two cocaine distribution offenses. However, during a 2014 resentencing hearing, at which Austin asserted that he had finally learned the difference between right and wrong, the court reduced his sentence to 132 months. Nevertheless, at Austin's sentencing for the instant offenses, the Government produced unrebutted evidence that, shortly after his release in 2015, Austin began looking for a new source of supply. In other words, despite being granted a second lease on life, Austin promptly abandoned his newfound rectitude in favor of his old criminal proclivities. Thus, in view of Austin's significant criminal history and the compelling need to deter Austin from further criminal acts and to protect the public, *see* 18 U.S.C. § 3553(a)(1), (2)(B), (C), we discern no abuse of discretion in the district court's decision to impose a substantial upward variance sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

7